UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF MAHLTIG MANAGEMENT UND BETEILIGUNGSGESELLSCHAFT MBH | Case No. 3:18-mc-80037-WHO<br><br>**ORDER OVERRULING MAHLTIG'S OBJECTION AND AFFIRMING PROTECTIVE ORDER**<br><br>Re: Dkt. Nos. 32, 36, 37 |

Petitioner Mahtlig Management- und Beteiligungsgesellschaft mbH ("Mahltig Management") filed an objection to a portion of the order by Magistrate Judge Nathanael Cousins approving Intel's proposed protective order. Objection (Dkt. No. 36); *see* Order Granting in Part and Denying in Part Mot. to Quash; Order Granting Intel's Proposed Protective Order; and Order on Mots. to Seal at 10 ("Order")(Dkt. No. 32). Specifically, Mahltig Management objects to the lack of a time limitation in the prosecution bar component of the Protective Order. *See* Intel's Protective Order at (Dkt. No. 33). On May 10, 2018, the case was reassigned to me, and on May 11, 2018, I directed Intel to respond to Mahltig Management's objection. Dkt. No. 39. Because Judge Cousins's order is not clearly erroneous or contrary to law, Mahltig Management's objection is overruled. Its request to modify the protective order is DENIED.

## BACKGROUND

On February 20, 2018, Mahltig Management filed an ex parte application under 28 U.S.C. § 1782 for leave to take discovery for use in three pending European patent lawsuits. Dkt. No. 1. After Judge Cousins granted Mahltig Management's request, Dkt. No. 12, Intel moved to quash, Dkt. No. 22. On April 24, 2018, Judge Cousins issued the Order granting in part and denying in

part Intel's motion to quash Mahltig's subpoenas, and granting Intel's proposed protective order. ("Order")(Dkt. No. 32).

Mahltig Management's objection concerns the portion of the Order approving Intel's proposed protective order:

> The dispute between the parties regarding the proposed protective orders deals with which of Mahltig's lawyers will be eligible to review Intel's document production. Dkt. No. 26. No other dispute was presented. Intel does not want the attorneys who review the subpoenaed documents to be involved in Mahltig's patent prosecution efforts. *Id.* at 4. This is a justifiable concern given that it is undisputed that Mahltig is drafting and amending patents in Europe. Indeed, Mahltig recognizes that it is possible that its "lawyers might be able to use the knowledge they acquire in order to limit claims so as to avoid, for example, certain prior art, while nevertheless not limiting the patent so much that the patent no longer needs Intel's technology." *Id.* at 3. Intel proposes that only attorneys that will not be involved in Mahltig's patent prosecution efforts be allowed to access its documents. The Court finds this outcome reasonable, even if it does impose some hardship on Mahltig as to using its preferred attorneys. The Court approves Intel's protective order, finding that it is supported by good cause.

Order at 10.

The Protective Order includes the following provision:

> **Prosecution bar**. Counsel of Record and Outside Consultants who personally review any technical ATTORNEYS' EYES ONLY Material are prohibited from participating in the preparation or prosecution of any patent, patent application, utility model, utility model application, *inter partes* review, post-grant review proceedings, or a patent in reexamination or reissue, or for drafting or revising a patent claim, related to the Covered Technology that was filed, or that claims priority from an application that was filed, less than one year following the final termination of the European Actions (including any appeals). Without limiting the foregoing, this prosecution bar applies to EP 17206422.2 and any patent, patent application, utility model, or utility model application in the EP 1714229 B1 family. This prosecution bar does not prevent an individual from participating in a reexamination, *inter partes* review, or other post-grant review proceedings involving the patent-at-issue, except that the individual is prohibited from participating in the drafting of any claim or amendment to any claim.

Protective Order, ¶ 20. The "Covered Technology" is defined as:

> computer design, security technology, and remote management, any of which are similar to the technology and methods used or provided by Intel vPro technology, Intel Active Management Technology, the Intel Management Engine, the Intel Converged Security and Management Engine, Intel Virtualization Technologies VT-x and VT-d, the Intel Innovation Engine, Intel Rapid Storage Technologies RST and RSTe, McAfee's Deep Defender product, and the USB-Blocker of Intel's Small Business Advantage technology.

Protective Order, ¶ 12.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), a district judge must consider timely objections to a magistrate judge's order on a nondispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991)(indicating that a district court reviews the magistrate's decision on a nondispositive issue under the clearly erroneous standard); *Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-mc-80071-BLF, 2017 U.S. Dist. LEXIS 171949, at *6 (N.D. Cal. Oct. 16, 2017) (listing decisions within the Ninth Circuit concluding that section 1782 applications are non-dispositive matters subject to review for clear error under FRCP 72(a)).

"This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Campbell v. City of Milpitas*, No. 13-CV-03817-BLF, 2014 WL 5077135, at *1 (N.D. Cal. Oct. 9, 2014)(citing *Grimes v. City and Cnty. of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991)).

## DISCUSSION

Mahltig Management indicates that it "has been seeking agreement from its European counsel and retained expert consultants to the terms of the protective order—a necessary prerequisite to providing them with copies of the CONFIDENTIAL or ATTORNEYS' EYES ONLY material Intel may produce—but so far only one of its lawyers (who is not technically expert in the relevant field), and none of its expert consultants, have been willing to sign the order." Objection at 4 (Dkt. No. 36). Its present objection "focuses on the expert consultants." *Id*. Judge Cousins's Order does not explicitly address the impact that the prosecution bar would have on Mahltig Mangement's expert consultants (it focuses on counsel), and, in Mahltig's estimation, the Order presumes that the risk to Mahltig Management was that it might have to choose advisors other than its preferred advisors, rather than the risk that it might be "entirely deprived" of the expert advice necessary to understand the discovery. Mahltig Management insists that these oversights amount to clear error, and it requests an amendment to the Prosecution

3

1  Bar provision of the Protective Order providing that the prosecution bar "shall end two (2) years
2  after final termination of the European Actions, including all appeals." Mahltig Management's
3  Proposed Protective Order, ¶ 20 (Objection, Ex. A; Dkt. No. 36 at 12).
4  　　　Mahltig Management has not convinced me that Judge Cousins's Order is in error. A
5  party seeking to include a patent prosecution bar provision in a protective order must show good
6  cause. *In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). In
7  determining whether a protective order should include a prosecution bar, a court must balance the
8  risk of competitive use "against the potential harm to the opposing party from restrictions imposed
9  on that party's right to have the benefit of counsel of its choice." *Id*. at 1380. The balance is
10 within the "broad discretion" of the court. *Id*. Judge Cousins considered the parties' competing
11 proposals (neither of which contained a termination date for the prosecution bar), and reflected on
12 Mahltig Management's late contention, raised for the first time at the hearing, that the protective
13 order should include a termination date for the prosecution bar so that it would not be prejudiced
14 with respect to its European lawyers. 4/18/18 Hr'g Tr. at 9:6–8 ("And what we're concerned about
15 is the European Council [sic] being unable to do anything for some large number of years.").
16 Notably, Mahltig Management did not mention potential harm to it regarding its expert
17 consultants. *See* generally 4/18/18 Hr'g Tr. Judge Cousins found Intel's proposal "reasonable"
18 and "supported by good cause[,]" "even if it does impose some hardship on Mahltig as to using its
19 preferred attorneys." Order at 10. He cannot be faulted for omitting reference to Mahltig
20 Management's expert consultants since Mahltig never raised this concern.
21 　　　Mahltig Management has not established that Judge Cousins's decision amounted to clear
22 error, and I am not permitted to substitute my judgment for his. *See Campbell*, 2014 WL

4

5077135, at *1. Its request to modify the protective order is DENIED.[1]

**IT IS SO ORDERED.**

Dated: June 11, 2018

William H. Orrick
United States District Judge

---

[1] Given this conclusion, Mahltig Management's motion for leave to disclose documents to its experts is mooted, since those experts refuse to sign on to the protective order. *See* Mahltig's Mot. to Disclose, ¶ 5 (Dkt. No. 37). If those experts sign on to the protective order and Mahltig needs resolution on this motion, it should notify the court via notice.

5